ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
VICTORIANO BRAVO, PRO SE                 Case No. 1:12 CV 01183 ENV LB
                    Plaintiff

                                         PLAINTIFF'S OPPOSITION TO
- against -                              DEFENDANT FDIC-RECEIVER'S
                                         MOTION TO DISMISS

U.S.BANK,NATIONAL ASSOCIATION,
U.S.BANCORP, and the FDIC as Receiver of
Downey Savings and Loan Association,F.A.,

                    Defendants
-------------------------------x

Victoriano Bravo, (Plaintiff) files this response to Defendant

FDIC as Receiver of Downey Savings and Loan Association,F.A.'s

motion to dismiss Plaintiff therefore states the following under

the penalty of perjury:


BACKGROUND

1.    Plaintiff VICTORIANO BRAVO resides at 438 East 4th street

Brooklyn NY 11218

2.    On March 9, 2012, Plaintiff commenced this action against

Defendants U.S. Bank, National Association; U.S. Bancorp and

FDIC as Receiver of Downey Savings and Loan Association, F.A.

 Seeking, the Court's declaration that defendants have violated

the basic principle of contract law: a party purporting to hold

an interest in a promissory note secured by a Security Deed that

was acquired by transfer, grant, or assignment must be able to

prove that  he is the "holder in due course"….. and  that the

interest before it  can enforce the note. This is also an action

for seeking a monetary judgment   that entitles plaintiff,

VICTORIANO BRAVO to recover $1,476,556.67 Dollars for actual and

future damages he has and will incurred caused by the unlawful

actions of the defendants.

3.    A copy of Summons and Complaint where served on March 9,

2012  to all Defendants  with  the Notice of  Lawsuit and

Request to Waive Service of a Summons; where Defendants need it

to respond in  60 days to [ (See: Exhibit A) (Exhibits B1 –B2).]

4.    Plaintiff filed the original mail certificate receives with

the Court Clerk on March 9, 2012  on (See:  Exhibit C 1.)

5.   All Defendants   received a copy by around March 13, 2012

as it is shown and all the return receives indicate that the

addresses where correct (See:  Exhibit C 2.)

6.   Defendant FDIC as  Receiver of Downey Savings and Loan

Association, F.A. is the only defendant to respond to the

plaintiff complaint by sending a letter to the plaintiff by

March 28,2012 asking the  plaintiff to follow FDIC procedure on

the Notice to Discovered Claimant to  Present Proof of  Claim

(See: Exhibits D1-D2) however this correspondence did not

represent a Defendant's Notice of Appearance.

7.   Defendant FDIC as Receiver of Downey Savings and Loan

Association, F.A. did not timely respond to the summons by

filing an answer denying the allegations, asserting a

counterclaim. Rather, Defendant FDIC as Receiver of Downey

Savings and Loan Association, F.A. moved to dismiss the claim in their behalves on August 9, 2012. Defendant FDIC as Receiver is moving pursuant to Fed.R.Civ.P.12(b)(1) Lack of Subject  Matter Jurisdiction and 12 U.S.C. § 1821(d)(13)(D)

Discussion:

8.    The existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself. Cmty. Health Plan of Ohio v. Mosser, 347 F.3d 619, 622 (6th Cir.2003). Therefore, it is left to  decide whether United State District Court of New York have subject matter jurisdiction eventhough this issue was not raised until after the default's motion  was filed by the plaintiff .

9.    The FDIC, as receiver, did not timely appeared in this case.

10.   In its response, the FDIC opined that the United State District Court lacked jurisdiction under 12 U.S.C § 1821(d)(13)(D).

11.   For post-receivership claims, the court has no subject matter jurisdiction unless the claimant has exhausted the administrative remedies (FIRREA). See 12 U.S.C. § 1821(d)(13)(D)

12.   The application of FIRREA to an action pending after a receiver is appointed presents an issue of first impression in this Court.

13.  FIRREA was enacted during the savings and loan insolvency crisis to enable the FDIC and the Resolution Trust Company (RTC) to efficiently and expeditiously wind up the affairs of hundreds of failed financial institutions. See Freeman v. FDIC, 56 F.3d 1394, 1398 (D.C. Cir.1995). Section 1821 of FIRREA establishes an administrative process for handling claims made against the assets of a failed bank that has been placed under receivership.

14.  Before addressing the jurisdictional issues presented in this case, this Court shall briefly review the administrative claims process under FIRREA. Section 1821(d)(3)(A) states that the FDIC "may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4)."12 U.S.C. § 1821(d)(3)(A). The FDIC must publish and mail a notice to the bank's creditors to present their claims by a specified date, which cannot be less than 90 days after publication of the notice. 12 U.S.C. § 1821(d)(3)(B) and (C).If a claim is filed with the FDIC as receiver, the FDIC has 180 days to allow or disallow the claim and to notify the claimant of that determination. 12 U.S.C. § 1821(d)(5)(A)(i). Claims filed after the date specified in the notice must be disallowed unless "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date." 12 U.S.C.§ 1821(d)(5)(C)(ii)(I).

15.  In such a case, the FDIC may consider the claim provided the claim is "filed in time to permit payment." 12 U.S.C. § 1821(d)(5)(C)(ii)(II).

16.  If the FDIC disallows a claim or fails to either allow or disallow the claim within the 180-day period, a claimant may, within 60 days, request further administrative review or file suit on such claim in the district court located in the failed bank's principal place of business or the District of Columbia. 12 U.S.C. § 1821(d)(6)(A). Alternatively, a claimant can continue an action commenced before the appointment of the receiver. Id. If the claimant does not seek either administrative review or judicial determination within that 60-day period, the claim is deemed disallowed and the disallowance "shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B)(ii).

17.  Victoriano Bravo sent a Prof of Claim to all the defendant by the end of the by December -21 2011 and FDIC as Receiver of Downey Savings and Loan Association,F.A. did not Answered or implement FIRREA process then. ( SEE exhibit E -3pgs)

18.  Victoriano Bravo never receive notice neither read any publication of the appointment of FDIC as the receiver until around the end of the year 2011  Later he decided to bring this law suit action against the defendants on March 9, 2012.

19. FDIC as Receiver of  Downey Savings and Loan Association,F.A.sent Victoriano Bravo  a letter by March 28,2012 asking the  plaintiff to follow FDIC procedure on the Notice to Discovered Claimant to  Present Proof of  Claim before  June 26, 2012 . Victoriano  Bravo replied on timely matter by certified mail by June 1,2012. Bravo included all the supporting documents ( See Exhibit F )

20.  The FDIC as Receiver replies in a notice of Determination that Claims of General Creditors have not value  by June 21,2012. ( See Exhibit G )

The FDIC disallows this claim Consequently, Plaintiff Victoriano Bravo has exhausted the FIRREA remedies while in United State District Court, that scenario give the  United State District Court Subject matter Jurisdiction to  proceed with this Case against FDIC as Receiver . This Court should not dismiss defendant FDIC as  Receiver of Downey Savings and Loan Association, F.A. if FDIC as  Receiver cannot repair the monetary damages ; Victoriano Bravo Prays that The Court held FDIC responsible for the actions that they incurred as Receiver and seller of a defected Loan from a failed bank institution called Downey Savings and Loan Association, F.A. that has caused Plaintiff monetary damages and circumstantial problems.

21.  Victoriano Bravo Prays that the court held FDIC responsible to  help clarify  any response or motion from the other

defendants since defendant FDIC is a vital Defendant in this case.

Counter Defense

21.    The FDIC defendant's attorney, Lorraine S. Fields alleges that on march 29, 2012 a mail was delivered  overnight UPS and left on the  front door. In this  mail plaintiff  Victoriano Bravo was advised  to mail a copy of the Summons  and complaint to  David Schecker the acting Regional Counsel of The FDIC New York  Regional Office that he could effect service of process on FDIC. FDIC's  Attorney  states that Mr. Schecker and The FDIC never executed a consent to waive service of process form.

22.  Victoriano  Bravo declare under penalty of perjury that the foremention mail was  never received by him. Instead on May 3,2012 the  FDIC's  Attorney  Lorraine  S. Fields sent Plaintiff  a letter  requiring two copy of the waiver service form along with a self-address prepaid envelope  to return a signed waiver  to plaintiff. Victoriano  Bravo reply and sent her requirement by May-16- 12 by certify mail(See Exhibit H 2pgs)

23.  Victoriano Bravo brought this action against all the defendants Victoriano  Bravo  answer the FIRREA on  time Victoriano  Bravo served all the defendants.

24.  Victoriano  Bravo would not neglect in sending a copy  of the waiver service to be sign for a FDIC's Agent?

25.   Defendant FDIC as Receiver has erred  by not answering in
court up to June 29, 2012. Victoriano Bravo did not herd any
official  notice from Court regarding  FDIC starting on that
one. The correspondences from FDIC outside Court complicates and
confuses pro-se plaintiff Victoriano Bravo.  plaintiff
Victoriano Bravo even stated that issue on the Default statement
when he said that the FDIC was the only defendant to respond to
the plaintiff complaint by sending a letter to the plaintiff by
March 28,2012 and asking the  plaintiff to follow FDIC procedure
on the Notice to Discovered Claimant to Present Proof of  Claim
however he said, this correspondence did not represent a

26.  Defendant's Notice of Court Appearance. Victoriano Bravo
was expecting that the FDIC as receiver answered and discuss
this Complaint under the Court.


Plaintiff arguments


27,  In adjudicating a motion to dismiss certain defendant in a
law suit , the court assumes the truth of all factual
allegations in the complaint and draws all reasonable inferences
from those facts in favor of the plaintiff. See, e.g., Erickson
v. Pardus, 551 U.S. 89, 93-94 (2007); Global Network Commc'ns,
Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). However,
"[w]hile legal conclusions can provide the framework of a
complaint," neither "legal conclusions" nor "conclusory

statements" are alone sufficient, nor are such statements entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Thus, in evaluating motions to dismiss pursuant to Rule 12(b)(6), a court must identify a complaint's non-conclusory factual allegations and then determine whether those allegations, taken as true and construed in the plaintiff's favor, "plausibly give rise to an entitlement to relief." Id.

28.   Plausibility, in this context, does not refer to the likelihood of success on the merits of the legal claim, but asks whether a complaint's "[f]actual allegations . . . [are] enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a `probability requirement."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Twombly, 550 U.S. at 570 (Thus, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Dismissal of Pro Se Complaints

29.    Complaints filed by pro se litigants are held to "less
stringent standards than formal pleadings drafted by lawyers."
Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering
motions to dismiss a pro se complaint, . . . `courts must
construe [the complaint] broadly, and interpret [it] to raise
the strongest arguments that [it] suggest[s].'" Weixel v. Sd. of
Educ. of the City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002)
(quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))
(alterations in original). Even after Twombly and Iqbal, pro se
complaints are entitled to liberal construction when they
"contain sufficient factual content to allow the district court
`to draw the reasonable inference' that the defendant[s] [were]
liable for the misconduct alleged.'" Schwanborn v. Cnty. of
Nassau, No. 08-4753-pr, 2009 WL 3199001, at *1 (2d Cir. Oct. 7,
2009) (quoting Iqbal, 129 S. Ct. at 1949). Yet when evaluating
such a complaint, "the [c]ourt is also aware that pro se status
does not exempt a party from compliance with relevant rules of
procedural and substantive law." Iwachiw v. N.Y. City Bd. of
Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (internal
quotation marks omitted); see also Atherton v. D.C. Office of
the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a pro
se complainant must plead `factual matter' that permits the
court to infer `more than the mere possibility of misconduct.'")
(quoting Iqbal, 129 S. Ct. at 1950).

Conflicts of Law

30.   Because jurisdiction here is based on diversity of
citizenship, this court must apply the choice of law rules of
New York, the forum state. See Klaxon Co. v. Stentor Elec. Mfg.
Co., 313 U.S. 487, 496-97 (1941); Lee v. Bankers Trust Co., 166
F.3d 540, 545 (2d Cir. 1999). Under New York's choice of law
rules, the first question a court must address is whether a
choice of law analysis would make a difference — "whether there
is an actual conflict between the laws of the jurisdictions
involved." In re Allstate Ins. Co., 613 N.E.2d 936, 937 (N.Y.
1993). Only where the relevant states' laws provide different
substantive rules must a conflict of laws analysis actually be
preformed. See, e.g., Pescatore v. Pan Am. World Airways, Inc.,
97 F.3d 1, 14 (2d Cir. 1996) (finding conflict where only Ohio
law allowed for consideration of loss of society for damages
purposes); Bader v. Purdom, 841 F.2d 38, 39-40 (2d Cir. 1988)
(finding conflict concerning availability of recovery against a
parent for negligent supervision). Where the laws at issue are
not in actual conflict, the court applies New York law. See
Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998) ("It is only
when it can be said that there is no actual conflict that New
York will dispense with a choice of law analysis."); Simon v.
Philip Morris Inc., 124 F. Supp. 2d 46, 71 (E.D.N.Y. 2000) ("A
court is free to bypass the choice of law analysis and apply New
York law in the absence of a material conflict.").

Breach of contract

31. "In cases of contract interpretation ... when parties set down their agreement in a clear, complete, document, their writing should be enforced according to its terms. This principle is particularly important in the context of real property transactions, where commercial certainty is a paramount concern, and where the instrument was not negotiated between sophisticated, counseled business people negotiating at arm's length" but by a Plaintiff with less than average grasp of property transactions (South Road Assoc. v IBM Corp., 4 NY3d 272, 277 [2005]).

32.   In the case at bar, the loan application nor the contract is not a clear document, and is not complete except as to the loan amount with an index interest rate  .

33.  Plaintiffs relies upon all of the mortgage documents, and allege that these documents contradict the loan application and some where fabricated. As the financing was not negotiated between sophisticated, counseled business people, the concern of commercial certainty requires the court to scrutinize the loan documents. Nevertheless Plaintiff points to language in the loan documents and contract which obligate defendants to provide plaintiff with the name of the party authorized to Cancel, modify the consolidated note or grant a forbearance.

34.   After years of being faithful paying the mortgage, Victorano Bravo start(ng facing difficulties paying the mortgage

early last year. He called and asks for modification and U.S.
Bank denied it due to excessive forbearance. Rather, up to
actuality the U.S. Bank is still calling asking the Plaintiff
to bring the balance of the loan at issue current, to conduce a
short sale in the property and announcing a forcible foreclosure
procedure.(See:Exhibit Default notices pgs1&2)

35. The fact that is being announced all over United State about
the monopoly and abuse this big bank corporation are committing
against American Home Owners' and the question of whether or not
at the end of Victoriano Bravo mortgage term he will receive a
note that entitle him owner of the property at issue scared
Victoriano Bravo. The calling and writing persecution of
U.S.Bank that been asking to give his house in Lieu or short
sale it otherwise U.S. Bank will start a foreclose proceeding
and the denial of help from U.S. Bank , gave motivation to
Victoriano Bravo research.

36. Moreover, the confusion of this scenarios Victoriano Bravo
signed a Mortgage with Downey Savings and Loan Association,F.A.
this Lender failed and The Federal Insurance Corporation was
named Receiver on 2008 and sold the mortgage note to U.S. Bank,
National Association. How or in what capacity are these other
parties responsible of a fail institution as they kept being
profitable over the plaintiff loan. Who is the Holder in due
course of plaintiff Mortgage Note?

37. "This lack of disclosure creates substantial difficulty when a homeowner tries to negotiate the terms of his or her mortgage or enforce a legal right against the mortgagee and is unable to learn the mortgagee's identity"(See 8 NY3d at 104, Kaye, J. dissenting). This "information deficit" may function to "insulate a note holder from liability ... and hide predatory lending practices"

38. "[A]ll contracts imply a covenant of good faith and fair dealing in the course of performance. This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. While the duties of good faith and fair dealing do not imply obligations inconsistent with other terms of the contractual relationship, they do encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]).

Defendant's Arguments

39. Defendant's arguments principally relies on the pleading standards sets forth in Rules 8(a) and 9(b) of the Federal Rule of Civil Procedure. Rule 8(a) provides:

40. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the

claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

41.   Under this Rule, the complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Erickson, 551 U.S. at 93.

42.   While Rule 8 "does not require `detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, —, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the `grounds' of his `entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders `naked assertion[s]' devoid of `further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555. As the Second Circuit has stated, Twombly "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.'" Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis added). "Dismissal of of certain defendant, however, is usually reserved for those cases in which the

complaint is so confused, ambiguous, vague, or otherwise
unintelligible that its true substance, if any, is well
disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998).
However, even "if the court dismisses the complaint for failure
to comply with Fed.R.Civ.P.12(b)(1) and 12 U.S.C.§ 1821(d)(13)(D)
it should generally give the plaintiff leave to amend. This is
especially true when the complaint states a claim that is on its
face non frivolous." Simmons, 49 F.3d at 86-87.

43.   The Complaint in this case satisfies the notice pleading
requirements of Rule 8(a). The Complaint offers exhibits, and
facts relating specifically to plaintiff and defendant. The
Complaint alleges that plaintiff entered into a contract for the
purchase of primary residence".   It provides detailed other
information regarding the contract. The Complaint alleges when
the contract was made, that defendant was a party to the
contract. In addition, the Complaint clearly alleges acts –
refusing to identify the party to whom Plaintiff should be
paying his mortgage, and whom Plaintiff would contact for
contract obligations such as forbearances or modification. The
complaint alleges that the acts of the contract while purporting
to be fair and reasonable has failed to meet the reasonable
expected standards provided by mortgage providers in this
country. Instead Plaintiff has to hunt to find unspecified
"Defendants," "Lenders" and "Agents," without the defendant

providing any specific facts relating to plaintiff's mortgage or any hint as to defendant's role.

44. The Complaint alleges that Plaintiff sent a qualified written request to the defendant," that the "defendant failed to respond and that the defendant did not attempt to correct any of the issues stated in the Complaint. Plaintiff's specifically alleges that defendants actions were in "direct violation of RESPA"

45. This portion of the Complaint is sufficient to allege a cause of action under 12 U.S.C. § 2605(e), which imposes a duty on the "servicer of a federally related mortgage loan" to respond to a borrower's written request for certain information relating to the servicing of such loan.

The FDIC as Receiver of Downey Savings and Loan Association, F.A. should amended the mistakes Downey Savings thus borrower homeowners would remediates some of the big problem they actually encounter.

46. Here, Plaintiff contends, inter alia, that Defendant's mortgage documents were misleading concerning the mortgages' "interest rate[s] and payment amounts." Plaintiff further maintains that Defendant's mortgages contained language that was difficult to understand, and that Defendants knew or should have known that Plaintiff could not afford the loans.

47. Most mortgages are written in legal terms that might be confusing to a layperson, which is why many mortgagors retain an

attorney when taking out a mortgage loan. The subject promissory notes and mortgages, although complicated, accurately reflect the terms of the adjustable-rate arrangements to which Plaintiff agreed. Although those terms are different than what Defendant promised to Plaintiff, such fact makes Defendant's documents misleading including the allonge to note registered in Texas with a non-existing register number.

48.   Moreover, Plaintiff contends that Defendant should have known that Plaintiff could not afford the loan, such contention is plausible. Therefore, the Defendant is not entitled to dismissal of the cause of action Wint v. ABN Amro Mortg. Group, Inc., 19 A.D.3d 588, 589-590, 800 N.Y.S.2d 411, 412-413 (2d Dept. 2005) Fraud

49.   In New York state, to prove a fraud claim, a plaintiff must prove `a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.

50.   For the same reasons already discussed above, it's clear that Plaintiff has pleaded a plausible fraud claim against all Defendants.[18] See, e.g., Fr v. Equicredit, 19 A.D.3d 541, 800 N.Y.S.2d 407, 408 (2d Dept. 2005)

51.   In Merritt v Bartholick (36 NY 44, 45 [1867]), despite
Defendant's reliance on a recent lower New York case - Deutsche
Bank National Trust Company V. Khouloud Pietranico,  928
N.Y.S.2d 818, 33 Misc.3d 528 (2011) the New York Court of
Appeals held that "[a]s a mortgage is but an incident to the
debt which it is intended to secure the logical conclusion is
that a transfer of the mortgage without the debt is a nullity,
and no interest is acquired by it. The security cannot be
separated from the debt, and exist independently 412*412 of it.
This is the necessary legal conclusion, and recognized as the
rule by a long course of judicial decisions." (Citations
omitted.)

**52.  Conclusion**

Therefore, Defendant FDIC as Receiver of  Downey Savings

and Loan Association,F.A.'s Motion to Dismiss must be denied.

Respectfully Submitted,

VICTORIANO BRAVO
438 EAST 4TH STREET
BROOKLYN, NY 11218

----------------------------------------------------------------

CERTIFICATE OF SERVICE

I, VICTORIANO BRAVO, HEREBY STATE THAT ON AUGUST __31_ 2012, I
MAILED BY CERTIFICATE MAIL A TRUE COPY OF THE ATTACHED
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UPON:

LORRAINE S. FIELDS
FDIC NEW YORK SERVICE OFFICE
350 FIHTH AVE,12th Floor  NEW YORK, NEW YORK 10118

VICTORIANO BRAVO
438 EAST 4TH STREET
BROOKLYN, NY 11218

# EXHIBIT   A

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the

_Victoriano Bravo_
                Plaintiff
_FDIC as Receiver OF Downey Savings_          )
_And Loans Assocat_          )          Civil Action No. _CV 12-1183_
                Defendant          )

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: _FDIC as receiver OF Downey Savings Band Loan association F.A._
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _60_ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _23-09-2012_

_____
Signature of the attorney or unrepresented party _Pro se_

_Victoriano Bravo_
Printed name

_438 East 4th street_
_Brooklyn N.Y 11218_
Address

_____
E-mail address

_646 327 7146_
Telephone number

RECEIVED
MAR 09 2012
PRO SE OFFICE

**EXHIBIT   B 1**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| VICTORIANO BRAVO | ) |
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| U.S. BANK, NATIONAL ASSOCIATION; | ) |
| U.S. BANCORP and FDIC as Receiver of | ) |
| Downey Savings and Loan Association, F.A. | ) |
| Defendant | ) |

VITALIANO, J.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> PRO SE: VICTORIANO BRAVO
> 438 East 4th Street
> Brooklyn, NY 11218

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER

CLERK OF COURT

MAR 0 9 2012

Date: _____

*Signature of Clerk or Deputy Clerk*

**EXHIBIT   B- 2**

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. ~~CV 12 - 183~~

*2. CV 12 - 1183*

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* *FDIC as receiver of Downey*
was received by me on *(date)* *03/09/2012* *Savings and Loans Association F.A.*

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ ✗ and mailed a copy to the individual's last known address; *or*

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.

Date: *03/09/2012*

_____
*Server's signature*

*FILADELFO HERRERA*
*Printed name and title*


_____
*Server's address*


Additional information regarding attempted service, etc:

RECEIVED
MAR 0 9 2012
PRO SE OFFICE

**EXHIBIT   C-1**

Exhibit C1 



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

DALLAS TX 75201

| | | |
|---|---|---|
| Postage | $ | $8.75 |
| Certified Fee | | $2.90 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $14.05 |
| Total Postage & Fees | $ | |

Name (Please Print Clearly) (to be completed by mailer)
FDIC As Receiver of Downey Savings
Street, Apt. No.; or PO Box No.
1601 Brian Street
City, State, ZIP+4
Dallas, TX 75201

PS Form 3800, July 1999    See Reverse for Instructions



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

MINNEAPOLIS MN 55402

| | | |
|---|---|---|
| Postage | $ | $8.05 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $13.35 |

03/09/2012

Name (Please Print Clearly) (to be completed by mailer)
U.S. Bancorp
Street, Apt. No.; or PO Box No.
800 Nicollet Mall, A---
City, State, ZIP+4
Minnesota, Minneapolis 55402

PS Form 3800, July 1999    See Reverse for Instructions



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

CINCINNATI OH 45202

| | | |
|---|---|---|
| Postage | $ | $6.30 |
| Certified Fee | | $2.90 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $11.60 |

03/09/2012

Name (Please Print Clearly) (to be completed by mailer)
U.S. Bank, National Association
Street, Apt. No.; or PO Box No.
425 Walnut Street
City, State, ZIP+4
Cincinnati OH 45202

PS Form 3800, July 1999    See Reverse for Instructions



RECEIVED
MAR 0 9 2012
PRO SE OFFICE

**EXHIBIT  D-1**

*EXhibiT D1*

# FDIC

**Federal Deposit Insurance Corporation**
1601 Bryan Street Dallas, TX 75201                                    Division of Resolutions and Receiverships

CERTIFIED MAIL 7011 2000 0000 8702 4530
RETURN RECEIPT REQUESTED

**March 28, 2012**


**VICTORIANO BRAVO
438 EAST 4TH STREET
BROOKLYN, NY 11218**



SUBJECT:      **10023 – DOWNEY SAVINGS & LOAN ASSOCIATION, F.A.
NEWPORT BEACH, CA** – In Receivership
Closing Date: **November 21, 2008**
Claims Bar Date: **February 26, 2009**
Submission Deadline: **June 26, 2012**

### NOTICE TO DISCOVERED CLAIMANT TO PRESENT PROOF OF CLAIM

Dear Claimant:

On **November 21, 2008** (the "Closing Date"), the **Office of Thrift Supervision** closed **DOWNEY SAVINGS & LOAN ASSOCIATION, F.A.** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver (the "Receiver").

The Receiver has discovered that you may have a claim against the Failed Institution. If you do not have a claim against the Failed Institution, please disregard this notice.

**Published Notice/Claims Bar Date:** The Receiver previously published a notice in one or more newspapers stating that the Failed Institution was closed and that any claims against the Failed Institution must be filed **on or before February 26, 2009** (the "Claims Bar Date").

**Filing After the Claims Bar Date:** The Claims Bar Date in this matter has passed. Failure to file your claim on or before the Claims Bar Date will result in disallowance by the Receiver, and the disallowance will be final. 12 U.S.C. Section 1821(d)(5)(C)(i). By law, however, the Receiver may consider claims filed after the Claims Bar Date if: (1) the claimant did not receive notice of the appointment of the Receiver in time to file a claim, and (2) the claim is filed in time to permit payment of the claim (the "late-filed claim exception"). 12 U.S.C. Section 1821(d)(5)(C)(ii).

**How to File Your Claim:** The FDIC's web site and other important contact information you will need to submit your claim is set forth in the Instructions to the Proof of Claim enclosed with this notice.

Claims filed after the Claims Bar Date must be submitted to the FDIC as Receiver of **DOWNEY SAVINGS & LOAN ASSOCIATION, F.A.** either on line or by mail. If you choose to file your claim via the U.S. mail, it is recommended that you send it by U.S. certified mail or a commercial delivery service that can provide you with a receipt of delivery.

**Before you decide whether to submit a claim, it is important for you to understand that on August 2, 2010, the Board of Directors of the FDIC made a formal determination that insufficient assets exist in the Downey Savings and Loan Association, F.A. Receivership to make any distribution to Non-Depositor Creditor Claims. The "Insufficient Assets" determination was disclosed publicly in the Federal Register (volume 75, number 147, page 45114).**

**EXHIBIT   D-2**

# FDIC

*Exhibit D2*

**Federal Deposit Insurance Corporation**
1601 Bryan Street Dallas, TX 75201

Division of Resolutions and Receiverships

Because the Claims Bar Date has passed, you must prove to the Receiver's satisfaction that you did not receive notice of the appointment of the Receiver in time to file a claim before the Claims Bar Date in order for the Receiver to consider your claim. Therefore, you should take the following actions:

- Submit the Proof of Claim in accordance with the enclosed Instructions.
- Provide supporting documentation regarding both your claim and your compliance with the late-filed claim exception.
- Submit the completed Proof of Claim and the supporting documentation to the Receiver on or before June 26, 2012 (your "Submission Deadline"). Nothing in this letter is intended to imply that the Receiver has extended the Claims Bar Date.

**If you file your claim after your Submission Deadline, the Receiver will disallow your claim.**

**Time for Receiver to Determine Your Claim:** The Receiver will determine within 180 days from the date it receives your claim whether to allow or to disallow your claim.

**If Your Claim is Disallowed on grounds other than untimeliness or You Do Not Receive a Timely Notice of Disallowance:** Pursuant to 12 U.S.C. Section 1821(d)(6), if the Receiver notifies you of the disallowance of your claim on grounds other than untimeliness or if you do not receive a notice of disallowance on or before the end of the 180-day period, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before disallowance by the Receiver). Your lawsuit must be filed within 60 days after the date of the notice of disallowance by the Receiver OR within 60 days after the end of the 180-day period, **whichever is earlier**. You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.

**Lawsuits:** If you do not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of your claim will be final and you will have no further rights or remedies with respect to your claim. 12 U.S.C. Section 1821(d)(6)(B)(ii).

**Note to Class Claimants**: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

If you have any questions about this letter, please contact the undersigned at **(972) 761-8677**.

Sincerely,

CLAIMS AGENT
Claims Department

Enclosures: Proof of Claim, Instruction

**EXHIBIT E**

From: Victoriano Bravo

Dec-19-2011

Downey Financial Corporation
3501 Jamboree Rd
Newport Beach, CA 92660
Send by US Certificate insures returns receive mail No. _____

FDIC as Receiver of Downey Savings
Attention: Claims Agent
1601 Bryan Street
Dallas, TX 75201
Send by US Certificate insures returns receive mail No. 7099 3400 0013 08878872

And
US Bank
3121 Michelson Drive Suite 500. Irvine, CA 92612

Send by US Certificate insures returns receive mail No. _____

Subject Property Address:  438 East 21st Street  Brooklyn NY 11226

Subject Property Mortgage Loan  Number: 9041823477

### VERIFICATION OF PROOF OF CLAIM

Notice to agents is notice to principals and notice to principals is notice to agents

Dear RESPONDENTS,

I have received your recent notice, I acknowledge that this account has been placed in delinquent status. My response your letter is as follows:

I, Victoriano Bravo as lawful authority as the Grantor, Maker and Settlor and of the Note & Deed; ask in a formal written request for the verification of proof of claim: Victoriano Bravo is making a good faith effort to confirm that you are still the RIGHTFUL Holder in Due Course the corresponding Promissory Note and that no other party may claim against the subject property under U.C.C-ARTICLE 3 -§3-302; hereby demand that you provide proof that you are in fact the rightful holder in Due Course and a real party in interest.

1)         Per UCC 3-3-501 (b) 2 (1), I demand that you present for my inspection the Original, Unaltered, Wet Ink Signature Promissory Note that that I signed and also provide a legal county clerk registered chain of assignments together with the Wet Ink Original Mortgage Agreement in, New York.(A Copy of the note or an affidavit of loss will not be accepted.)

2)         This is a formal Request for Accounting and Statement of Account of the alleged debt according to UCC 9-210. It is the belief that this alleged debt has been settled and the balance is $0.00. Accounting should be GAAP format, showing the source of the funding.

#2

Dec 19 - 2011

3)      I further demand that a high level officer with authority to sign a letter upon your corporate letterhead, attest under penalty of perjury that you are or represent the real party in interest and currently are or represent the holder in Due Course.

4)      I demand all original signed mortgage loan documents to include original appraisal, loan application, Truth and Lending documentation, as well as a signed Good Faith Estimate.

5)      I demand the name of Trust and Trustee that this mortgage loan was assigned to

6)      I demand a copy of the Pooling and Servicing Agreement to the trust of this mortgage loan.

7)      I demand to know the name and address of the investor associated with this mortgage loan.

8)      If in fact is just a servicer individual or corporation , I demand that you or the authorized member identify both the Holder in Due Course with corresponding proof that they are in fact the Holder in Due Course as well as written authorization that entitles you as individual or as a corporation to service this instrument.

9)      If in fact is just a servicer individual or corporation , I demand that you or the authorized member identify both the Holder in Due Course with corresponding proof that they are in fact the Holder in Due Course as well as written authorization, city clerk assignment registration which entitles you as individual or as a corporation to serve this instrument and collect money from it.

10)     If you are a servicer, this notice of demand is presented to you and you have an obligation to notify him. Notice to agents is notice to principals.

11)     If you are unable to provide proof of claim, then you are not a party of interest and cannot rightfully enforce your claim under U .C.C- ARTICLE 3 § 3-301

12)     Under US Code Title 15 > Chapter 41 > SUBCHAPTER V > § 1692g part b), TILA and RESPA, this debt is now officially in dispute. By law, all collection activities must cease until this matter is resolved. You are hereby given notice. Blatant disregard for these laws are subject to fines by the FTC. You are advised to consult your legal counsel on this matter.

As the Maker of the note and Grantor of the security interest I constitute this to be a formal notice. Failure to respond to this letter through a verified proof claim within 21 days, point for point, will be taken as an administrative default by notary witness. Furthermore, the result of default by RESPONDENTS will be agreement between the parties that RESPONDENTS have no claim of rights, title or interest in subject property; and in matter of the alleged loan, performance is satisfied and the account is settled in full.

I ( Victoriano Bravo ) may appoint an Authorized Representative/ Trustee to release any lien or encumbrance and/or re-convey title to me (Victoriano Bravo )

This inquiring intend to legally solve this matter thus; we will only accept writing respond to these requests.

Sincerely, _____

        Victoriano Bravo

#3

USPS.com® - Track & Confirm

FDIC Proof OF Claim (1-3)



English       Customer Service       USPS Mobile                              Register / Sign In

USPS.com                                                          Search USPS.com or Track Packages

#1

Quick Tools              Ship a Package        Send Mail      Manage Your Mail      Shop        Business Solutions

# Track & Confirm

You entered: 70993400001308878872

Status: Delivered
Your item was delivered at 9:17 am on January 06, 2012 in DALLAS, TX 75201.
Additional information for this item is stored in files offline.

You may request that the additional information be retrieved from the archives, and
that we send you an e-mail when this retrieval is complete. Requests to retrieve
additional information are generally processed within four hours. This information will
remain online for 30 days.

I would like to receive notification on this request

First Name          M I      Last Name

Victoriano                   Bravo

Email Address

Restore



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:
DALLAS TX 75201

| | | |
|---|---|---|
| Postage | $0.44 | 0348 |
| Certified Fee | $2.85 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | DEC 12 2011 |
| Total Postage & Fees | $5.59 | 12/21/2011 |

Name (Please Print Clearly) (to be completed by mailer)
FDIC As Reciver of Downey Saving
Street, Apt. No.; or PO Box No.
1601 Bryan street
City, State, ZIP+4
Dallas, TX 75201

PS Form 3800, July 1999                          See Reverse for Instructions

7099 3400 0001 3088 8872

**EXHIBIT   F**



**Claimant ID: NS1002315004, Barcode Value: FD00102721, Fund: 10023**

## Federal Deposit Insurance Corporation
### as Receiver for
### DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., NEWPORT BEACH, CA

## PROOF OF CLAIM

1. SSN/Tax ID No. 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

2. The undersigned Victoriano Bravo
   *(Name of person completing the Proof of Claim)*

   hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to Victoriano Bravo
   *(Name of Claimant)* (the "Claimant") in the sum of

4. $ 1,476,556.67

5. Description of Claim

   Claimant did not receive any information of the
   "Claim bar date" by mail or by publication
   Claimant have a civil law suit on US Federal District Court
   Eastern New York against FDIC as receiver for Downey
   savings & Loan association F.A. for Violation of Basic Principal of Law
   Demand in $ 1,476,556.67 Dollars See Post-4 and supporting doc

   The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the
   same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

6. NAME Victoriano Bravo-claimant-
   *(Name, Title, and Signature of person completing the Proof of Claim)*     7. DATE 6-1-2012

8. FIRM N/A

9. ADDRESS 438 East 4th Street
   ( City, State, and ZIP Code) Brooklyn N.Y 11220      *(if applicable)*

10. TELEPHONE NUMBER(S) 646-327-7146

The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of
influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not
more than 30 years or both (18 U.S.C. Section 1007).

**IMPORTANT NOTE**: The bar code at the top of this Proof of Claim is unique to this claim and may not be re-used for other claims which you
may have or by other potential claimants. If you have other unrelated claims, you must file a separate Proof of Claim forms with its own unique bar
code. Additional Proof of Claim forms may be found on the FDIC web site or obtained by mail at the respective addresses indicated in the
Instructions. Re-use of this Proof of Claim may result in processing delays or the rejection of your claim.

### PRIVACY ACT STATEMENT

The Federal Deposit Insurance Act (12 U.S.C. §§1819 and 1821) and Executive Order 9397 authorize the collection of this information. The FDIC will use the
information to assist in the determination and/or payment of claims against the receivership estate of the failed financial institution. Submitting this information to
the FDIC is voluntary. Failure, however, to submit all of the information requested and to complete the form entirely could delay or preclude the administration of
claims against the receivership estate of the failed financial institution. The information provided by individuals is protected by the Privacy Act, 5 USC §552a. The
information may be furnished to third parties as authorized by law or used according to any of the other routine uses described in the FDIC Insured Financial
Institution Liquidation Records (FDIC-30-64-0013) System of Records. A complete copy of this System of Records is available at
www.fdic.gov/regulations/laws/rules/2000-4050.html. If you have questions or concerns about the collection or use of the information, you may contact the FDIC's
Chief Privacy Officer at Privacy@fdic.gov.

**EXHIBIT   G**

# FDIC

**Federal Deposit Insurance Corporation**
1601 Bryan Street, Dallas, TX 75201                                              Dallas Regional Office

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**7010 2780 0003 4594 5003**

June 21, 2012

Victoriano Bravo
438 East 4th Street
Brooklyn, New York 11218

## NOTICE OF DETERMINATION THAT Claims OF GENERAL CREDITORS HAVE NO VALUE

On November 21, 2008, Downey Savings and Loan Association, F.A., of Newport Beach, California was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver ("Receiver").

**THE PURPOSE OF THIS LETTER IS TO NOTIFY YOU THAT THE BOARD OF DIRECTORS OF THE FEDERAL DEPOSIT INSURANCE CORPORATION HAS DETERMINED THAT THE ASSETS OF DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., NEWPORT BEACH, CALIFORNIA ARE INSUFFICIENT TO PAY CLAIMS BELOW THE DEPOSITOR CLASS AND THAT ALL NON-DEPOSITOR CREDITOR CLAIMS HAVE NO VALUE.** Public notice of this determination was published in the Federal Register on August 2, 2010 (volume 75, number 147, page 45114).

If you have any questions, you may contact a Claims Agent at **972-761-8677** or write:

FDIC as Receiver for Downey Savings and Loan Association, F.A.
ATTN: Claims Agent
1601 Bryan Street
Dallas, TX 75201

Sincerely,

Claims Agent



**Federal Deposit Insurance Corporation**
New York Legal Services Office
350 Fifth Avenue, Suite 1200
New York, New York 10118

Lorraine S. Fields, Senior Attorney
Telephone: (917) 320-2546
Facsimile: (917) 320-2917
Email: lofields@fdic.gov

May 3, 2012

**VIA OVERNIGHT MAIL AND FIRST CLASS MAIL**

Victoriano Bravo
438 East 4th Street
Brooklyn, NY 11218

Re:     *Victoriano Bravo v. U.S. Bank National Association, et al., including FDIC as
         Receiver of Downey Savings and Loan Association, F.A.*
         12-cv-01183 (ENV) (LB)
         United States District Court for the Eastern District of New York

Dear Mr. Bravo:

        As I have previously advised you, I am an in-house attorney with the Federal
Deposit Insurance Corporation and represent the FDIC as Receiver for Downey Savings
and Loan Association ("FDIC-Receiver") in connection with the above-referenced
litigation.

        We are in receipt of copies of the Summons and Complaint filed against the
FDIC-Receiver along with a copy of the Notice of a Lawsuit and Request to Waive
Service of a Summons. We are willing to waive service of the Summons but you failed
to include the required two copies of the Waiver form for us to sign and you also did not
include a stamped, self-addressed envelope or other prepaid means for returning one copy
to you.

        If you still intend to go forward with your lawsuit against the FDIC-Receiver,
please send me the required two copies of the Waiver form along with a pre-paid, self-
addressed envelope to return a copy of the signed Waiver to you.

        At this time, I reiterate my request made to you in my letter dated April 4, 2012 to
dismiss your claims against the FDIC-Receiver. For all the reasons clearly explained in
that letter, the court has no subject matter jurisdiction to hear your claims against the
FDIC-Receiver.

                                        Very truly yours,

                                        *Lorraine S. Fields*
                                        Lorraine S. Fields



**EXHIBIT   H**



All of **us** serving you

3121 Michelson Drive, Suite 500
Irvine, CA 92612

*Default notice*

9041823477                                                    Page 2

If you have any questions about this notice or the reason you are
ineligible for the short sale option, you may contact us toll-free
at 800-824-6902 or at:

          U.S. Bank Home Mortgage
          Irvine Default Processing Center
          3121 Michelson Drive, Suite 500
          Irvine, CA  92612

If your loan is delinquent, this notice is an attempt to collect a debt
and any information obtained will be used for that purpose.  If you have
received a bankruptcy discharge and the loan was not reaffirmed in that
bankruptcy case, this notice is for informational purposes only and is
not an attempt to collect the discharged debt from you.


Sincerely,


Default Resolution Department

LM925