UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
VICTORIANO BRAVO,

                      Plaintiff,

    -against-

U.S. BANK NATIONAL ASSOCIATION, U.S.
BANCORP, AND FDIC AS RECEIVER OF
DOWNEY SAVINGS AND LOAN ASSOCIATION,
F.A.,
                      Defendants.
------------------------------------------------------------- x

MEMORANDUM & ORDER

12-CV-1183 (ENV) (LB)

VITALIANO, D.J.

    *Pro se* plaintiff Victoriano Bravo brings this action against defendants, U.S. Bank National Association, U.S. Bancorp, and FDIC as Receiver of Downey Savings and Loan ("FDIC") under the Truth In Lending Act ("TILA") and state contract law. FDIC moves to dismiss the complaint as it pertains to it pursuant to Federal Rules of Civil Procedure 12(b)(1). For the reasons stated below, the motion is granted.

BACKGROUND

    On October 20, 2005, plaintiff entered into an agreement with then-functioning Downey Savings and Loan ("Downey") for a mortgage in the amount of $496,000. (Compl. at 4). A little over three years later, on November 21, 2008, Downey was shuttered by the Office of Thrift Services, which appointed FDIC to "step into the shoes" of the failed bank as Downey's receiver. (Compl. at 57). Following its appointment as receiver, FDIC set a "claims bar date" of February 26, 2009 for filing any Downey-related claims against it. (Dkt. No. 12 at 6). More than a year after the bar date, on July 27, 2010, FDIC, in its corporate capacity, determined that Downey's assets were insufficient to pay on claims for "general unsecured credit or on "low priority" claims. (Quick Decl. at ¶8). This decision was

subsequently published in the Federal Register as a notice of No Value Determination on August 2, 2010. (75 Fed. Reg. 45114-01 (Aug. 2, 2010)).

Bravo filed the instant action on March 9, 2012, alleging TILA violations and violation of "basic principles of contract law." (Compl. at 5,6). He alleges that he was not provided with complete loan documentation or disclosure as TILA required. (Compl. at 4-5). Bravo seeks monetary damages in the amount of $1,476,556.67, in addition to a declaratory judgment giving him ownership interest in the Downey mortgage, complete with the right to rescind. (Compl. at 9). On August 9, 2012, FDIC moved to dismiss claims against it for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), as well as on prudential mootness grounds because practical declaratory relief cannot be granted. Analysis of the challenge to subject matter jurisdiction, of course, takes precedence, for if it succeeds, nothing remains properly before the Court for determination.

## DISCUSSION

### Standard of Review

Since plaintiff proceeds *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See* McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). In reviewing a Rule 12(b) motion to dismiss, all facts (as opposed to conclusions) alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. The Court, however, on a Rule 12(b)(1) application, will consider evidence outside the pleadings relating to the propriety of its subject matter jurisdiction. Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) *aff'd*, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (U.S. 2010) (*citing* Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)). Moreover, despite the solicitous pleading standard, a *pro se* plaintiff must still show facts establishing the Courts subject matter jurisdiction. *See* APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

Federal district courts are "courts of limited jurisdiction" whose powers are confined to statutorily and constitutionally granted authority. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006) (internal citations and quotation marks omitted). Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed under Rule 12(b)(1) when the district court lacks the constitutional or statutory power to adjudicate it. Morrison, 547 F.3d at 170 (internal citations and quotation marks omitted).

Dismissal of Bravo's Claims Against FDIC

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), at 12 U.S.C. § 1821(d)(13)(D), deprives district courts of subject matter jurisdiction over claims against an institution in FDIC receivership until the claimant complies with a mandatory statutory claims procedure. Carlysle Towers Condo. Ass'n, Inc. v. FDIC, 170 F.3d 301, 307 (2d Cir. 1999); Resolution Trust Corp. v. Elman, 949 F.2d 624, 627 (2d Cir. 1991). Exhaustion of the statutory claims procedure is a jurisdictional requirement, and failure to comply requires the dismissal of any action for lack of subject matter jurisdiction. Elman, 949 F.2d at 627; Carlysle Towers Condo. Ass'n, 170 F.3d at 307; Circle Indus., Div. of Nastasi-White, Inc. v. City Fed. Sav. Bank, 749 F.Supp. 447, 452 (E.D.N.Y. 1990), aff'd 931 F.2d 7 (2d Cir. 1991) (per curiam). FIRREA "make[s] crystal clear that judicial review is authorized only after a claimant files a proof of claim and FDIC either denies the claim or fails to adjudicate the claim in a timely manner." Huggins v. FDIC, No. 07 CV 5313, 2010 WL 3926263, at *2 (E.D.N.Y. Sept. 29, 2010).

The FIRREA statutory claims procedure detailed in 12 U.S.C. §§ 1821(d) (3)-(13) is the initial mechanism for determining claims against failed banks placed into FDIC receivership. See Circle Indus., 749 F.Supp. at 451–52. After being named receiver for a failed bank, FDIC must notify potential

3

creditors of the claims resolution process and the claims bar date. *See* 12 U.S.C. § 1821(d)(3)(B). If a creditor files a proof of claim before the claims bar date and the claim is disallowed, the creditor may request further administrative review of FDIC's determination or may "file suit on such claim (or continue an action commenced before the appointment of the receiver)" within 60 days of being notified of FDIC's determination. 12 U.S.C. § 1821(d)(6)(A). Any claim filed after the claims bar date *"may"* be considered if the claimant did not know of the receiver's appointment in time to file a claim before the bar date, and if the claim is filed in time to allow payment. 12 U.S.C. § 1821(d)(5)(C)(ii) (emphasis added). Most importantly, the statute clearly provides that no claim may be adjudicated in the district court until exhaustion of the statutory claims procedure has been accomplished. 12 U.S.C. § 1821(d)(13); Aber–Shukofsky v. JPMorgan Chase & Co., 755 F.Supp.2d. 441, 445 (E.D.N.Y. 2010) ("The administrative review process provided by FIRREA is a prerequisite to judicial review. Until such time as the claim is disallowed by FDIC, section 1821(d)(13) expressly revokes the jurisdiction of all federal courts to decide claims against the assets of a failed institution."); Circle Indus., 749 F.Supp. at 452.

Bravo's claims against FDIC as receiver of the failed Downey bank fall directly under FIRREA and, thus, are subject to its mandatory administrative claims procedure before Bravo can seek judicial review. In his complaint and subsequent filings, Bravo does not allege that he filed any claims directly with FDIC prior to filing this suit; nor does he claim that he exhausted all of his administrative remedies as required.[1] Bravo bears the burden of demonstrating by a preponderance of the evidence that the

---

[1] Further, though Bravo and FDIC both mention in their briefings that Bravo filed administrative claims in the time since he filed suit, that fact is immaterial as subject matter jurisdiction is determined as of the filing of the complaint. Burns v. King, 160 Fed App'x 108, 11 (2d Cir. 2005); Scherer v. Equitable Life Assurance Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003). In any event, apparently, that late-filed claim was heard by FDIC and denied. Assuming full administrative exhaustion, Bravo would be entitled to seek judicial review. Nonetheless, since his lawsuit did not precede the announcement of the appointment of FDIC as receiver, Bravo would not be entitled to proceed in his post-receivership filed

4

Court has subject matter jurisdiction over his claims. *See* APWU, 343 F.3d at 623; Huggins, 2010 WL 3926263, at *2 (*citing* Moser v. Pollin, 294 F.3d 335, 339 (2d Cir. 2002)); *see also* Prieto v. Standard Fed. Sav. Bank, 903 F.Supp. 670, 671 (S.D.N.Y. 1995) (dismissing unexhausted claims pursuant to FIRREA where plaintiff "does not allege that she submitted her claims . . . for administrative review."). Bravo has made no evidentiary showing whatsoever (and the briefing compellingly establishes that he cannot) to prove exhaustion of his statutory remedies under FIRREA. The Court thus lacks jurisdiction over his claims against FDIC. *See* Elman, 949 F.2d at 627; Huggins, 2010 WL 3926263, at *4–5 (dismissing claims by mortgagor for violations of TILA against FDIC, appointed receiver for mortgagee Washington Mutual, because "unless and until [mortgagor] files the proof of claims with FDIC and receives a disallowance, the Court does not have jurisdiction to hear his claims.").[2] Accordingly, the claims against FDIC are dismissed for want of subject matter jurisdiction.

## CONCLUSION

For all the foregoing reasons, plaintiff's claims against FDIC are dismissed.

SO ORDERED.

Dated: Brooklyn, New York
       January 15, 2013

ERIC N. VITALIANO
United States District Judge

---

lawsuit. 12 U.S.C. § 1821(d)(6)(A). Judicial review of a late filed claim is not reviewable in this Court since it is not among the district courts FIRREA authorizes to afford such review. *See* Fn. 3 *infra*.
[2] It is worth noting, that even if Bravo had exhausted his administrative remedies, FIRREA does not give him a remedy in this Court. While the right to judicial review of the merits of such a claim does exist, FIRREA limits the venue of that review to the United States District Courts for the District of Columbia and the Central District of California. 12 U.S.C. §1821(d)(6)(A).

5